JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

2:15 Cv-1331

15 1331

## I. (a) PLAINTIFFS
Stephen Duczkowski and Toni Duczkowski, h/w

**DEFENDANTS**
The Pilot's Association for the Bay and River Delaware, Matthew G. Sullivan and Eric James

(b) County of Residence of First Listed Plaintiff  Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael O. Pansini, Esquire/Gregory J. Kowalski, Esquire
Pansini & Mezrow
1525 Locust Street, 15th Floor
Philadelphia, PA 19102
(215) 732-5555

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Tort/Bodily Liability

MAR 13 2015

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Mitchell S. Goldberg
DOCKET NUMBER  2:14-5311

DATE  03/12/2015
SIGNATURE OF ATTORNEY OF RECORD  *Gregory Kowalski*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7 Craig Drive, Laurel Springs, NJ 08021

Address of Defendant: 800 South Columbus Boulevard, Philadelphia, PA 19147

Place of Accident, Incident or Transaction: Packer Avenue Terminal, Philadelphia, PA
(Use Reverse Side For Additional Space)

15  1331

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☐
RELATED CASE, IF ANY:
Case Number: 2:14-5311    Judge: Mitchell S. Goldberg    Date Terminated: Pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, GREGORY J. KOWALSKI, ESQUIRE, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/12/2015    _____signature_____    54271
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                        Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

MAR 13 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEPHEN DUCZKOWSKI, ET UX. | : | CIVIL ACTION |
| v. | : | |
| THE PILOT'S ASSOCIATION FOR THE BAY AND RIVER DELAWARE, ET AL. | : | NO.  15  1331 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   

| | | |
|---|---|---|
| 3/12/15 | MICHAEL O. PANSINI | PLAINTIFFS |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 732-5555 | (215) 732-7872 | mpansini@pansinilaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 13 2015

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

$400

MSG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
MAR 13 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

| | |
|---|---|
| STEPHEN DUCZKOWSKI<br>and<br>TONI DUCZKOWSKI, h/w<br>7 Craig Drive<br>Laurel Springs, NJ 08021<br><br>vs.<br><br>THE PILOT'S ASSOCIATION FOR<br>THE BAY AND RIVER DELAWARE<br>800 South Columbus Boulevard<br>Philadelphia, PA 19147<br>and<br>MATTHEW G. SULLIVAN<br>800 South Columbus Boulevard<br>Philadelphia, PA 19147<br>and<br>ERIC JAMES<br>800 South Columbus Boulevard<br>Philadelphia, PA 19147 | COMPLAINT AND JURY DEMAND<br><br><br><br>15   1331<br><br><br>DOCKET NO. |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Stephen Duczkowski, is an adult individual residing at 7 Craig Drive, Laurel Springs, NJ 08021.

2. Plaintiff, Toni Duczkowski, is an adult individual residing at 7 Craig Drive, Laurel Springs, NJ 08021.

3. Defendant, The Pilot's Association for the Bay and River Delaware, is a business entity believed to be organized and existing under the laws of the Commonwealth of Pennsylvania or a foreign jurisdiction, with its primary place of business located at 800 South Columbus Boulevard, Philadelphia, PA 19147, which at all times material hereto regularly conducted business in Philadelphia County and the Commonwealth of

Pennsylvania.

4.  Defendant, Matthew G. Sullivan, is an individual with a primary place of business located at 800 South Columbus Boulevard, Philadelphia, PA 19147, or is otherwise amenable to service of process at that address.

5.  Defendant, Eric James, is an individual with a primary place of business located at 800 South Columbus Boulevard, Philadelphia, PA 19147, or is otherwise amenable to service of process at that address.

6.  On or about March 13, 2013, the M/V Cap Irene was in navigable waters of the United States and moored at the Packer Avenue Terminal in Philadelphia, PA.

7.  At all times material hereto, Defendants, The Pilot's Association for the Bay and River Delaware, Matthew G. Sullivan and Eric James, managed, operated, possessed and/or controlled the M/V V8 Stealth II and acted by and through their employees, servants and/or agents who were in the course and scope of their employment.

8.  On or about March 13, 2013, and at all times mentioned herein, Plaintiff, Stephen Duczkowski, was an employee of Greenwich Terminals in the capacity of a longshoreman and was aboard the M/V Cap Irene as a business visitor in connection with the performance of cargo operations being conducted thereon.

9.  On or about March 13, 2013, and at all times mentioned herein, the M/V V8 Stealth II was in navigable waters moving adjacent to the Packer Avenue Terminal in Philadelphia, PA at a high rate of speed.

10. On or about March 13, 2013, Plaintiff, Stephen Duczkowski, while working in the course of performing his duties as aforesaid, was caused to sustain serious injuries while using the gangway of the M/V Cap Irene due to the carelessness and negligence of

the Defendants, The Pilot's Association for the Bay and River Delaware, Matthew G. Sullivan and Eric James, individually and by and through their agents, servants, workmen and employees.

11. By reason of the aforesaid negligence of the Defendants as hereinafter alleged, the Plaintiff, Stephen Duczkowski, suffered severe and permanent injuries to his head, neck, back, arms and legs; he also sustained severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of his head, neck, back, arms, elbows and legs; including but not limited to injuries to the traumatic brain injury, post traumatic headaches, concussion, cognitive deficits, fractures of nasal bones, septal fractures, anterior nasal spine fractures, rib fractures, hearing loss, eustachian tube dysfunction, vision dysfunction, hematuria, trauma to chest wall, depression, nervous shock and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, Stephen Duczkowski, suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss. The Plaintiff, Stephen Duczkowski, believes and therefore avers that his injuries are permanent in nature.

12. As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

13. As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to him great detriment and loss.

14. As a result of the aforesaid occurrence, the Plaintiff, Stephen Duczkowski, has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

## COUNT I
## STEPHEN DUCZKOWSKI v. DEFENDANTS, THE PILOT'S ASSOCIATION FOR THE BAY AND RIVER DELAWARE, MATTHEW G. SULLIVAN AND ERIC JAMES

15. Plaintiff, Stephen Duczkowski, hereby incorporates each of the averments contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at length.

16. The carelessness and negligence of the Defendants, The Pilot's Association for the Bay and River Delaware, Matthew G. Sullivan and Eric James, by and through its agents, servants, workmen and/or employees, consisted of the following:

    (a) operating the V8 Stealth II at an excessive speed;

    (b) operating the V8 Stealth II so as to create a large wake;

    (c) failing to properly train their crew in safe operation of the V. Stealth II;

    (d) failing to properly control and maintain the V8 Stealth II.

17. Defendants, The Pilot's Association for the Bay and River Delaware, Matthew G. Sullivan and Eric James's negligent conduct as described herein was the proximate cause of Plaintiff, Stephen Duczkowski's injuries.

**WHEREFORE,** Plaintiff, Stephen Duczkowski, demands judgment in his favor and against the Defendants, individually, jointly and severally, for a sum in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS, plus delay damages, interest and costs and brings this action to recover same.

## COUNT II
### TONI DUCZKOWSKI vs. THE PILOT'S ASSOCIATION FOR THE <u>BAY AND RIVER DELAWARE, MATTHEW G. SULLIVAN AND ERIC JAMES</u>

18.  Plaintiff, Toni Duczkowski, hereby incorporates each of the allegations contained in the previous averments in Plaintiffs' Complaint as if fully set forth herein at length.

19.  Plaintiff, Toni Duczkowski, is the spouse of Stephen Duczkowski, and as such, has incurred expenses in the treatment of her spouse's injuries, and may in the future be caused to incur additional expenses as she has in the past.

20.  As a result of the occurrence aforesaid in the injuries averred aforesaid, the Plaintiff, Toni Duczkowski, to her great damage and loss, has been deprived of the society, companionship, services and assistance of her spouse, to which she is legally entitled.

**WHEREFORE,** Plaintiff, Toni Duczkowski, demands judgment in her favor and against the Defendants, individually, jointly and severally, for a sum in excess of ONE

HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS, plus delay damages, interest and costs and brings this action to recover same.

                                                  PANSINI & MEZROW

DATE: 3/12/15              BY:     /s/ Michael O. Pansini
                                                      MICHAEL O. PANSINI, ESQUIRE
                                                      Validation Code: MOP2337
                                                      GREGORY J. KOWALSKI, ESQUIRE
                                                      Validation Code: GJK3197
                                                      1525 Locust Street, 15th Floor
                                                      Philadelphia, PA 19102
                                                      (215) 732-5555
                                                      **Attorneys for Plaintiffs**

COMMONWEALTH OF PENNSYLVANIA    :
                                : SS
COUNTY OF PHILADELPHIA          :

STEPHEN DUCZKOWSKI, being duly sworn according to law, deposes and says that he is the Plaintiff in the foregoing action, and that the facts set forth in the Civil Action Complaint discovery requests are true and correct to the best of her/ his knowledge, information and belief. I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

X_____
STEPHEN DUCZKOWSKI

DATE: 3/12/15